IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SEVERO GARCIA-MEZA,

   Petitioner,

v.

WARDEN C. CARTER,

   Respondent.

Civil Action No.: JRR-23-165

**MEMORANDUM OPINION**

Self-represented Petitioner Severo Garcia-Meza filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on January 20, 2023. ECF No. 1. Respondent Warden C. Carter filed a Response in Opposition to the Petition on July 28, 2023. ECF No. 7. On May 6, 2024, a Memorandum Opinion and Order was issued dismissing the Petition. ECF Nos. 9, 10. The dismissal was later vacated upon Mr. Garcia-Meza's motion for reconsideration noting that Respondent failed to serve a copy of his Response on him. ECF No. 15. Mr. Garcia-Meza was granted leave to file a reply, which he filed on July 26, 2024. ECF No. 18. Also pending are Mr. Garcia-Meza's Motion to Withdraw Notice of Appeal (ECF No. 16) and Motion for Extension of Time (ECF No. 17).[1]

This matter is ripe and no hearing is necessary. *See* Rules 8(a) and 1(b), *Rules Governing Section 2255 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2023). For the reasons that follow, the Petition will be dismissed.

---

[1] The Motion to Withdraw Notice of Appeal will be denied as it is inappropriately filed in this Court. If Mr. Garcia-Meza wants to withdraw his appeal with the Fourth Circuit, he must file his motion with that court.

Mr. Garcia-Meza's Motion for Extension of Time, seeking 30 additional days to file his reply will be granted *nunc pro tunc* to July 26, 2024, when Mr. Garcia-Meza filed his reply.

Mr. Garcia-Meza, who is currently incarcerated at the Federal Correctional Institution in Cumberland, Maryland, filed this Petition challenging his conviction in the United States District Court for the Western District of Michigan. First, he states that pursuant to 18 U.S.C. § 1152 and *Oklahoma v. Castro-Huerta*, 597 U.S. 629 (2022), "the states are afforded the opportunity to prosecute first before the federal government claims jurisdiction." ECF No. 1 at 6. Mr. Garcia-Meza states that he, a non-Indian, was convicted of assault and murder of Indians on the Grand Traverse of Ottowa and Chippewa Indian Reservation. *Id.* at 7. According to Mr. Garcia-Meza, the federal government claimed jurisdiction without giving the State of Michigan an opportunity to prosecute him first. *Id.* He asserts that Michigan did not waive its right to prosecute nor is the federal government entitled to exclusive jurisdiction. *Id.* Second, Mr. Garcia-Meza asserts that, pursuant to the Major Crimes Act, 18 U.S.C. § 1153(a) and *McGirt v. Oklahoma*, 140 S.Ct. 2452 (2020), the federal government only has jurisdiction "when it's a [sic] Indian on Indian criminal acts." ECF No. 1 at 7. He contends that the Major Crimes Act does not apply to him and that the federal government has jurisdiction only over crimes by/among Indians on Indian land. *Id.* He requests that the Court vacate his conviction and sentence due to the federal government's lack of jurisdiction. *Id.* at 8.

Respondent states that Mr. Garcia-Meza was convicted in the Western District of Michigan in Case No. 1:02-cr-56 for first-degree murder and assault, and sentenced to life in prison. ECF No. 7 at 1. His conviction and sentence were affirmed in *United States v. Garcia-Meza*, 403 F.3d 364 (6th Cir. 2005). Mr. Garcia-Meza did not raise issues of jurisdiction in his appeal. *See id.* He did file a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 in 2006, in which he raised four grounds for relief which challenged the court's jurisdiction to impose a term of supervised release amongst other things, but did not challenge the district court's subject

matter jurisdiction. *See United States v. Garcia-Meza*, No. 1:02-CR-56, 2006 WL 3091459 (W.D. Mich. Oct. 30, 2006). The Motion was denied. *Id.*

Respondent states that Mr. Garcia-Meza has filed two § 2244 motions with the United States Circuit Court for the Sixth Circuit requesting authorization to file a second or successive § 2255 motion to challenge the trial court's jurisdiction. ECF No. 7 at 2. Both motions were denied. *See In re Garcia-Meza*, No. 12-2065 (6th Cir. Mar. 15, 2013); *In re Garcia-Meza*, No. 22-1685 (6th Cir. Dec. 19, 2022).

The threshold question presented here is whether Mr. Garcia-Meza's claims are properly raised in a § 2241 petition or are more properly construed under 28 U.S.C. § 2255. A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct mechanisms for obtaining post-conviction relief. A § 2241 petition attacks the manner in which a sentence is executed. *See* 28 U.S.C. § 2241(a).

Although a federal prisoner generally may not seek collateral relief from a conviction or sentence by way of § 2241, there is an exception under the so-called "savings clause" in § 2255(e). It provides a prisoner may seek relief under § 2241 if the remedy under § 2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. § 2255(e). The Supreme Court clarified what qualifies as a claim that meets the requirements of the savings clause in *Jones v. Hendrix*, 599 U.S. 465 (2023). Specifically, the Court rejected the notion that the savings clause allows for resort to a § 2241 petition as a vehicle to challenge the validity of a conviction in lieu of a § 2255 Motion to Vacate where the "second-or-successive restrictions barred a prisoner from seeking relief based on a newly adopted narrowing interpretation of a criminal statute that circuit precedent had foreclosed at the time of the prisoner's trial, appeal, and first § 2255 motion." *Hendrix*, 599

U.S. at 477. The Court reasoned that "the savings clause preserves recourse to § 2241 in cases where unusual circumstances[2] make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Id.* at 478.

Further, the Court noted that second or successive Motions to Vacate are limited by § 2255(h) to two conditions: (1) newly discovered evidence that, if proven, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law made retroactive by the Supreme Court that was previously unavailable. Because § 2255(h) excluded non-constitutional claims, the Court reasoned that permitting such claims to be raised by § 2241 petitions after the passage of the Antiterrorism and Effective Death Penalty Act ("AEDPA") "would have merely rerouted them from one remedial vehicle and venue to another." *Id.* at 479. "The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Id.* at 480.

Mr. Garcia-Meza asserts that his § 2255 motion and subsequent requests to file additional motions "were ineffective." ECF No. 1 at 5. He contends that the denial of his § 2255 motions "cannot block a jurisdictional defective conviction and sentence." *Id.* However, the Supreme Court has made clear that a prisoner cannot turn to § 2241 to challenge the validity of his conviction simply because the second-or-successive restrictions barred a claim for relief pursuant to § 2255. *Hendrix*, 599 U.S. at 477; *see also In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) ("…the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual

---

[2] An example of the unusual circumstances requiring recourse to § 2241 is when the sentencing court has been dissolved. *Hendrix*, 599 U.S. at 474 (citing *Witham v. United States*, 355 F.3d 501, 504–505 (6th Cir. 2004) (finding § 2255 inadequate or ineffective after court-martial was dissolved)). Additionally, the Court recognized that a § 2241 petition is appropriate where a "prisoner might wish to argue that he is being detained in a place or manner not authorized by the sentence, that he has unlawfully been denied parole or good-time credits, or that an administrative sanction affecting the conditions of his detention is illegal." *Id.* at 475.

has been unable to obtain relief under that provision…or because an individual is procedurally barred from filing a § 2255 motion…) (internal citations omitted).  The arguments raised by Mr. Garcia-Meza in his Petition do not meet either of the conditions set forth in § 2255(h).

In his reply, Mr. Garcia-Meza simply asserts that he may bring a § 2241 petition in this Court because he is incarcerated in Maryland.  ECF No. 18 at 1.  He otherwise uses his reply to reassert his argument that the federal government lacked jurisdiction to arrest and prosecute him.  *Id.* at 2-4.  Therefore, as Mr. Garcia-Meza fails to meet either of the requirements necessary to invoke the savings clause, his claims are not properly brought before this Court in a § 2241 petition and must be dismissed.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his petition absent issuance of a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1) (Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from … the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or … the final order in a proceeding under section 2255").  A certificate of appealability must be considered in this case because the petition is actually a Motion to Vacate pursuant to 28 U.S.C. § 2255.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Mr. Garcia-Meza fails to meet this standard and the Court declines to issue a certificate of appealability.  Mr. Garcia-Meza may still request that the United States Court of

Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

      A separate Order follows.

| | |
|---|---|
| 9.27.2024<br>Date | /S/<br>Julie R. Rubin<br>United States District Judge |